IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **SUSAN T. ISRAEL,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL No. 12-cv-2953-JKB |
| **JOHNSON & JOHNSON,** *et al.*, | * | |
| Defendants | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Susan T. Israel ("Plaintiff") brought this action against Johnson & Johnson,[1] DePuy Orthopaedics, Inc. and Chesapeake Surgical, Ltd. ("Defendants") alleging state law claims for injuries caused by a defective hip replacement implant. Now pending before the Court are Plaintiff's motion for relief under FED. R. CIV. P. 60(b)(1) from the Court's order granting a stay of the proceedings (ECF No. 14) and Plaintiff's motion to remand the case to the state court (ECF No. 15). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, Plaintiff's motion for relief under FED. R. CIV. P. 60(b)(1) (ECF No. 14) will be DENIED and the Court will defer consideration of the Plaintiff's motion to remand (ECF No. 15), which remains pending.

### I. BACKGROUND

On August 30, 2012, Plaintiff filed this action in the Circuit Court of Maryland for Baltimore City. (*See* Compl., ECF No. 2.) The complaint alleges that Plaintiff was harmed by a prosthetic hip implant device, which was "developed, manufactured, promoted, distributed and

---
[1] Plaintiff incorrectly identified this Defendant as Johnson & Johnson, Inc.

---

sold" by Defendants. (*See* Compl. ¶ 2.) There are over 6,000 suits related to this hip replacement implant, and as a result, it is subject to Multidistrict Litigation ("MDL"). (Notice of Removal at 2, ECF No. 1; *see also* Pl. Remand Br. at 6, ECF No. 15-1.)

Defendants removed the action to this Court on October 5, 2012, invoking this Court's diversity jurisdiction. (ECF No. 1.) On the same day, Defendants filed a motion to stay the proceedings pending transfer by the Judicial Panel on MDL; the Court granted that motion on October 17, 2012. (ECF Nos. 5, 12.) On October 18, 2012, Plaintiff filed the two motions that are currently before the Court: (1) a motion for relief under FED. R. CIV. P. 60(b)(1) from the Court's order granting the stay (ECF No. 14); and (2) a motion to remand the case to the state court (ECF No. 15).

## II.  LEGAL STANDARD

It is well established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts should consider three factors when ruling on a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DuPuy Orthopaedics, Inc.*, No. 12 Civ. 2274 (JFA), 2012 WL 4538642, *2 (D.S.C. Oct. 1, 2012) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)).

Generally, an action brought in a state court may be removed only if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Federal courts "must strictly

construe removal jurisdiction," because it "raises significant federalism concerns." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

### III. ANALYSIS

Plaintiff argues that a stay of the proceedings in this matter is inappropriate because it will not promote uniformity or preserve judicial resources.  Plaintiff also argues that it would be inappropriate for the Court to defer the litigation of subject matter jurisdiction to the MDL court, because of the fundamental nature of the Court's subject matter jurisdiction.  The Court disagrees.  "The Judicial Panel on Multidistrict Litigation has held that a district court judge has the authority to either wait for a transfer order without ruling on a motion to remand, or to rule on the motion before a transfer order has been issued."  *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 511 (D. Md. 2002) (citing *In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (Jud. Pan. Mult. Litig. 2001)); *see also Yearwood v. Johnson & Johnson, Inc.*, No. 12 Civ. 1374 (RDB), 2012 WL 2520865, *3 (D. Md. June 27, 2012).  Deferring this decision to the transferee judge can be appropriate where it will prevent repetitive pretrial rulings, encourage consistency among those rulings, and preserve the resources of the parties, their counsel and the judiciary.  *Id.*

The first factor to be considered in determining whether to grant a stay is the interests of judicial economy.  The nature of the jurisdictional dispute in this case and the many similar cases suggests that a stay would promote judicial efficiency and consistent adjudication.  Defendants argue that their removal of this case was appropriate because Defendant Chesapeake Surgical was fraudulently joined.  Defendants further argue that any state law claims against Chesapeake Surgical are preempted by federal law, citing *PLIVA, Inc. v. Mensing*, 564 U.S. ---, 131 S. Ct.

2567, 2577 (2011). Plaintiff disagrees and asserts that Defendants could have complied with federal law and Maryland state law at the same time. In order to resolve this jurisdictional dispute, the Court must thoroughly analyze the relevant federal laws and regulations, relevant Maryland law, the *Mensing* decision, and evidence of Defendants' knowledge and actions.

It appears likely that the same issue will arise in other cases with similar motions to remand before the MDL court. *See, e.g., Benfield v. DePuy Orthopaedics, Inc.*, No. 12 Civ. 1601 (RWT), ECF No. 40 (D. Md. Sept. 5, 2012); *Wood v. Johnson & Johnson*, No. 12 Civ. 1572 (WDQ), 2012 WL 3240934 (D. Md. Aug. 3, 2012). Plaintiff argues that allowing the MDL court to resolve this issue will not preserve judicial resources, because each case requires an individualized assessment of such jurisdictional issues. It may be true that some issues will differ across cases, but the most critical and difficult issues in relation to preemption—*e.g.,* what is required of Defendants by relevant federal laws and regulations; the scope of the *Mensing* decision—are common to all of these motions. Allowing the MDL court to resolve this issue would be efficient and avoid the possibility of conflicting decisions.

The two remaining factors to be considered in determining whether to stay proceedings are the hardship to the Defendants if the action is not stayed and the prejudice to Plaintiff if the action is stayed. There is a real risk that Defendants will face hardship and prejudice if a stay is not granted. Absent a stay, Defendants will be forced to duplicate its litigation efforts and perhaps face inconsistent decisions in the different courts. *See, e.g., Freisthler v. DePuy Orthopaedics, Inc.*, No. 11 Civ. 6580 (DSF), 2011 WL 4469532, *2 (C.D. Cal. Sept. 21, 2011). In addition, and as other district courts have found when faced with similar motions, Plaintiff will not face substantial prejudice if the case is stayed. *See, e.g., id.* Although it is possible, as Plaintiff argues, that Plaintiff will face some delay as a result of the MDL process, Plaintiff has

not established that any such delay would be prejudicial.  "[T]here is no evidence that the JPML is delaying resolution of whether this case should be transferred to the MDL court, nor is there any evidence that the pending MDL . . . is proceeding slowly." *Brewer v. DePuy Orthopaedics, Inc.*, No. 12 Civ. 1473 (TEH), 2012 WL 1595083, *2 (N.D. Cal. May 4, 2012).  For these reasons, the balance of the parties' interests tips in favor of a stay.

### IV.    CONCLUSION

Accordingly, an order shall issue DENYING Plaintiff's motion for relief under FED. R. CIV. P. 60(b)(1) (ECF No. 14) and DEFERRING CONSIDERATION of Plaintiff's motion to remand (ECF No. 15), which remains pending.

Dated this  19th day of December, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge

5